UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**SPECIALIST PHILLIP M. GOSS,**

                **Petitioner,**

    **v.**                                         **Case No. 06-C-0737**

**COMMANDING OFFICER
CAPTAIN MATTHEW P. BEILFUSS
1st Battalion, 121st Field Artillery
Wisconsin National Guard,**

**SECRETARY OF THE ARMY,**

                **Respondents.**

## DECISION AND ORDER

On July 5, 2006, the petitioner, Specialist Phillip M. Goss ("Goss"), filed motions for a temporary restraining order (TRO), preliminary injunction, and habeas relief. In his motion for a temporary restraining order and preliminary injunction, Goss argued that he should be maintained in the Wisconsin National Guard and exempted from deployment, or discharged, because: (1) he is physically unable to perform the duties required of active soldiers in the Middle East; (2) his assignment to active duty was unlawful because he did not request a transfer to active status; (3) he was denied access to a physical evaluation board; and (4) the Wisconsin Guard failed to permit him access to separation processes as prescribed by Army regulations. Goss's requests are pressing insofar as he must leave for Camp Shelby, Mississippi on July 9, 2006. He is to be deployed to the Middle East between July 17th and July 19th of this year.

On July 6, 2006, the Court denied Goss's request for a TRO. That same day, Goss filed an expedited motion seeking an expedited hearing on his request for preliminary injunctive relief. In fact, Goss asks for a hearing no later than the afternoon of July 7th, because he will be leaving this district on Sunday, July 9, 2006. Goss argues that failure to hold a hearing, in light of the Court's July 6, 2006 order, will render moot his request for habeas relief. If the Court does not hold a hearing expeditiously, "[p]etitioner would have to file again in Mississippi, or elsewhere, which defeats any notion of judicial economy and effectively denies him a hearing on the merits of the relief he seeks prior to suffering the harm the Petition was brought to prevent." (R. 7.4 Mot. for Expedited Hearing on Prel. Inj. Mot. 2.)

It is unclear whether Goss seeks an *ex parte* hearing on his motion for a preliminary injunction.[1] If so, such a request related to a pending preliminary injunction request would be highly unusual. Alternatively, if Goss expects the presence of the respondents, the Court questions the fairness of a hearing where so little notice has been provided. The ability of an adversary to respond to a motion necessarily means the opportunity to respond in a meaningful way.

Goss raises the prospect that failure to hold an immediate hearing would defeat judicial economy. The concerns of judicial economy, however, cannot be invoked to deny a party's right to meaningfully respond to a pending motion. Furthermore, according to Goss's own submissions, his Wisconsin Guard Unit was called to active duty and sent to

---

[1] The phrase "*ex parte*" describes a judicial proceeding at which only one party is present. *United States v. Anderson*, 798 F.2d 919, 923 (7th Cir. 1986).

2

Camp Shelby for mobilization training on April 19, 2006, well over two months ago. (Habeas Pet. 3.) And, many of the medical episodes that undergird Goss's claims occurred well in advance of that date. (*See, e.g.*, Aff. of Specialist P.M. Goss in Supp. of Mot. for a Temp. Restraining Order and Prel. Inj. ¶ 7.) In other words, many of the circumstances underlying Goss's habeas petition, and his pending motion for a preliminary injunction, did not spring up in the last few days, though that is when the present action was filed.

Goss, with his TRO request denied, essentially asks this Court to hold an *ex parte* hearing related to his request for a preliminary injunction. Even if respondents and/or their counsel were present at such a hearing, their ability to formulate a meaningful response, given such short time to prepare, would likely be hindered. Goss's expedited motion seems tantamount to an attempt to revive his TRO request, though the Court has already denied Goss the expediency of that remedy.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Goss's Rule 7.4 Motion for Expedited Hearing on Preliminary Injunction Motion (Docket No. 7) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 7th day of July, 2006.

                                                  **BY THE COURT:**

                                                  <u>s/Rudolph T. Randa</u>
                                                  **HON. RUDOLPH T. RANDA**
                                                  **Chief Judge**